

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2000 AUG 11 PM 4: 34

LORETTA G. WHYTE
CLERK

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**SHANNON BRONDUM**                            **CIVIL ACTION**

**VERSUS**                                     **NO:        00-0120**

**ECKERD CORP.**                               **SECTION: "T" (4)**

## ORDER AND ORDERS

### I.    Procedural Summary

On August 2, 2000, the Court granted the defendant's **Motion to Compel (doc. #12)**, and awarded the defendant its reasonable attorney's fees incurred in filing the motion, under Rule 37 of the Federal Rules of Civil Procedure **(doc. #17)**. The Court further ordered counsel for the defendant to submit their contemporaneous time sheets in compliance with Local Rule 54.2, on or before August 4, 2000.

On August 4, 2000, counsel for the defendant submitted their billing sheets. The defendants seek to recover the fees for work performed by two attorneys, one partner and one associate attorney.

### A.    Mr. Hollis

The defendant seeks attorney's fees for work performed by Mr. Charles Hollis, a partner with The Kullman Firm. Mr. Hollis is seeking to recover attorney's fees for 5.5 hours of work

DATE OF ENTRY
AUG 1 4 2000



at a rate of $175 per hour, totaling $962.50.[1]

**B.    Ms. Honeyman**

In addition to Mr. Hollis, the defendant seeks to recover attorney's fees for Ms. Virginia Honeyman, an associate attorney with The Kullman Firm. Ms. Honeyman is seeking to recover attorney's fees for 5 hours at a rate of $110 per hour, totaling $550.00.[2]

Thus, the issues for the court's consideration are: (1) what is a reasonable attorney's fee for each of the defendant's attorneys; and (2) were the claimed hours reasonably expended. *See Hensley v. Eckerhart*, 461 U.S. 424 (1983).

**II.    Analysis**

In the Fifth Circuit, the adequacy of a claim for attorney's fees is determined by computing the "lodestar" figure. The court must determine the number of hours reasonably expended in the matter and the reasonable hourly rate for the participating attorneys. *See Louisiana Power and Light Co. v. Kellstrom*, 50 F.3d 319, 324 (5th Cir.), *cert. denied*, 516 U.S. 862 (1995). The lodestar is then computed by multiplying the number of hours by the reasonable hourly rate. *Id*.

The court must then consider the applicability and weight of the twelve factors set forth in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974).[3] The court

---

[1]*See* Billing Records of Hollis.

[2]*See* Billing Records of Honeyman.

[3]The twelve *Johnson* factors are (1) the time and labor involved; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal services properly; (4) the preclusion of other employment by the attorney due to this case; (5) the customary fee; (6) whether fee is fixed or contingent; (7) time limitations; (8) the amount involved and results obtained; (9) the experience, reputation and ability of counsel; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *See Johnson v. Johnson*, 488 F.2d 714 (5th Cir. 1974)(reversing the award of attorney's fees, where the lower court did not specify the factors on which it based its award of attorney's fees).

2

can make upward or downward adjustments to the lodestar figure if the *Johnson* factors warrant such modifications. *See Watkins v. Fordice*, 7 F.3d 453 (5th Cir. 1993). However, the lodestar is presumptively correct and should be modified only in exceptional cases. *See id*.

The party seeking attorney's fees bears the burden of submitting adequately documented time records. *See Watkins*, 7 F.3d at 457. The court should use the submitted time as a benchmark and exclude any time that is "excessive, duplicative or inadequately documented." *Id*.

A.    **Lodestar**

1.    **Reasonable Hourly Rate**

A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by attorneys of reasonably comparable skills, experience, and reputation. *See Blum v. Stenson*, 465 U.S. 886, 895-96 (1984); *Gaines v. Doughtery County Board of Education*, 775 F.2d 1565, 1571 (11th Cir. 1985). The applicant bears the burden of producing satisfactory evidence that the requested rate is in line with prevailing market rates. *See NAACP v. City of Evergreen*, 812 F.2d 1332, 1338 (11th Cir. 1987).

Satisfactory evidence of the reasonableness of the rate is more than the affidavit of the attorney performing the work. *Blum*, 465 U.S. at 896 n. 11. For example, satisfactory evidence must speak to rates actually billed and paid in similar lawsuits. Testimony that a given fee is reasonable is therefore unsatisfactory evidence of market rate. *See Hensley*, 461 U.S. at 439 n. 15. Evidence of rates may be adduced through evidence of what local attorneys charge under similar circumstances.

Neither Mr. Hollis or Ms. Honeyman have met their burden of proving that $175 and $110 per hour, respectively, is reasonable given the *Johnson* factors. Neither have provided the

Court with any evidence to establish that the requested rate is in line with prevailing market rates. The Court, however, drawing on its knowledge of local attorney's fees, the lack of complexity of the motion to compel, and the rates charges in similar cases, concludes that $110.00 is a reasonable hourly rate.[4]

### 2.    Hours Reasonably Expended

In determining which hours reported were reasonably expended, the total number of hours reported by each attorney is examined.  When examining the hours reported for tasks that are properly billable the actual hours for the tasks are evaluated to determine if the time spent was reasonable.  In determining if the time spent was reasonable, the court must examine whether the attorney exercised billing judgment; that is whether the attorney excluded excessive, redundant or otherwise unnecessary hours.  *See Hensley,* supra.

Thus, the next issue is whether a reasonable attorney would have spent as much time preparing a certain pleading.  If not, then the time entry is excessive.  The hours which are deemed excessive will be cut for recovery purposes.  *See Rode v. Dellarcipreti,* 892 F.2d 1177, 1190 (3rd Cir. 1990)(citations omitted).

### a.    Mr. Hollis

| DATE | TASK | TIME |
|---|---|---|
| 4/19/00 | Studied order re: preliminary conference; corresponded with Mr. Sidman; Corresponded  with opposing counsel re: plaintiff's overdue discovery response | 1.25 |
| 4/25/00 | Corresponded with opposing counsel re: discovery and deposition of plaintiff | .50 |
| 4/28/00 | Conferred with opposing counsel re: plaintiff's deposition | .25 |
| 5/11/00 | Conferred with opposing counsel re: discovery and plaintiff's deposition | .25 |

---

[4]The Motion to Compel was a generic one and a half page motion with no complex issues.

4

| DATE | TASK | TIME |
|------|------|------|
| 5/16/00 | Conferred with Mr. Sidman's office re: preparation for motion for summary judgment; Conferred with opposing counsel re: plaintiff's deposition and discovery | 1.00 |
| 6/23/00 | Drafted motion to compel discovery | 1.00 |
| 6/26/00 | Reviewed and Revised motion to compel discovery; Conferred with opposing counsel re: overdue discovery responses and motion to compel; Conferred with district manager re: status of case | 1.25 |
| TOTAL | | 5.50 |

It is well settled that supporting documentation for attorney's fees "must be of sufficient detail and probative value to enable the court to determine with a high degree of certainty that the hours were actually and reasonably expended." *See United Slate, Tile & Composition Roofers v. G&M Roofing*, 732 F.2d 495, 502, n. 2 (6th Cir. 1984); *League of United Latin American Citizens No. 4552 v. Roscoe ISD*, 119 F.3d 1228, 1232 (5th Cir. 1997). Descriptions such as "legal issues," and "call re: status" are vague descriptions. *In re Donovan*, 877 F.2d 982, 995 (D.C. Cir. 1989). Further, only those entries that relate to the specific matters set forth in the Court's award are to be included as sanctions. *See Reed v. Iowa Marine and Repair Corp.*, No. 90-4971, 1993 WL 30023 (E.D. La. Feb. 3, 1993), *rev'd on other grounds*, 16 F.3d 82 (5th Cir. 1994).

After reviewing the billing records, the Court has determined that the following entries are vague and/or unrelated to the bringing of the defendant's Motion to Compel, and are therefore excluded from recovery:

5

| DATE | TASK | VAGUE/ UNRELATED TIME |
|---|---|---|
| 4/19/00 | Studied order re: preliminary conference; corresponded with Mr. Sidman; | 1.0 |
| 4/25/00 | Corresponded with opposing counsel re: discovery and deposition of plaintiff | .50 |
| 4/28/00 | Conferred with opposing counsel re: plaintiff's deposition | .25 |
| 5/11/00 | Conferred with opposing counsel re: discovery and plaintiff's deposition | .25 |
| 5/16/00 | Conferred with Mr. Sidman's office re: preparation for motion for summary judgment; Conferred with opposing counsel re: plaintiff's deposition and discovery | 1.00 |
| 6/26/00 | Conferred with district manager re: status of case | .50 |
| TOTAL | | 3.5 |

b.    **Ms. Honeyman**

The Court has reviewed Ms. Honeyman's billing records, and has determined that the following entries are excessive. The Court will not exclude them from recovery, but will reduce them to a reasonable time entry:

| DATE | TASK | TIME | EXCESSIVE | REASONABLE TIME |
|---|---|---|---|---|
| 7/26/00 | Drafted reply memo in support of motion to compel; | 1.25 | .75 | .5 |
| 7/27/00 | Revised and finalized reply memo in support of motion to compel | .25 | | .25 |
| 8/2/00 | Review File; prepare for Motion to Compel; oral argument on motion; prepare time records to submit to Court | 3.5 | 2.25 | 1.25 |
| TOTAL | | 5.0 | 3.0 | 2.0 |

Factoring in the inappropriate time entries, the Court finds that 4 hours were reasonably

expended.   Thus, the Court finds that reasonable attorney's fees pursuant to the lodestar for Mr. Hollis is $220.00.[5]  The lodestar for Ms. Honeyman is $220.00.[6]

Accordingly,

**IT IS ORDERED** that the defendant is hereby awarded its reasonable attorney's fees of $440.00, incurred in filing and securing the order compelling the plaintiff to respond to the defendant's discovery **(doc. #17)**.   The plaintiff is hereby ordered to pay the defendant $440.00, **within twenty (20) days** of this order.

New Orleans, Louisiana, this 11th day of Aug, 2000.

KAREN WELLS ROBY
**UNITED STATES MAGISTRATE JUDGE**

---

[5]The lodestar for Mr. Hollis is computed by multiplying the number of hours reasonably expended (2) by the reasonable hourly rate ($110).   *See Kellstrom,* supra.

[6]The lodestar for Ms. Honeyman is likewise computed by multiplying the number of hours reasonably expended (2) by the reasonable hourly rate ($110).   *See id.*

7